IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Lawrence Crawford, # 300839 )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>Kershaw County DSS; and or Kershaw )<br>County Sheriff Officer; and or Johnny )<br>Fellers, Coroner of Kershaw County; )<br>Cort Korley; David Thomkey, Ann Mulliken:)<br>Ram Company; Peggy Knox; Jean Cato, )<br>Alam Parrish; Glenn Rodgers; Carol M. )<br>Thuiem; and Kershaw County Solicitor's )<br>Office, )<br>)<br>Defendants. )<br>_____) | Civil Action No.:0:06-1412-TLW-BM |

# ORDER

On May 9, 2006, the plaintiff, Lawrence Crawford, ("plaintiff") proceeding *pro se*, filed this action "seeking the same relief requested in Civil Action No. 0:06-0908-TLW-BM and the termination of the individual defendants from their employment." (Doc. #1). The case was automatically referred to Magistrate Judge Bristow Marchant, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 (B)(2)(c), DSC. On May 30, 2006, Magistrate Judge Marchant issued a Report and Recommendation ("Report"). (Doc. #5).

This matter is now before the Court for review of the Report issued by the Magistrate Judge. In the Report, Magistrate Judge Marchant recommends that this case be dismissed *without prejudice* and without issuance and service of process. Additionally, Judge Marchant recommends that "this case be deemed a 'strike' for purposes of the 'three strikes' rule of 28 U.S.C. §1915(g). (Doc. #5).

1

The plaintiff has filed objections to the Report. (Doc. #6).

> In conducting this review, the Court applies the following standard:
>
> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections...The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

<u>Wallace v. Housing Auth. of the City of Columbia</u>, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted). In light of this standard, the Court has reviewed the Report. After careful review of the Report and objections thereto, the Court **ACCEPTS** the Report. (Doc. #5). Therefore, for the reasons articulated by the Magistrate Judge, it is **ORDERED** that the plaintiff's action be **DISMISSED** *without prejudice* and without issuance and service of process and the this case be deemed a "strike" for the purposes of the "three strikes" rule of 28 U.S.C. § 1915(g).[1]

**IT IS SO ORDERED**.

    s/Terry L. Wooten

Terry L. Wooten
United States District Judge

October 4, 2007
Florence, South Carolina

---

[1] This Order hereby renders all other outstanding motions **MOOT**.

2